UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cassandra Kimberly Lanners-Ford,[1]          Case No. 20-CV-1206 (PAM/HB)

Plaintiff,

v.

**ORDER**

State of Minnesota, Hennepin County,
Hennepin County Human and Health
Services, Hennepin County Child
Protection, the Minnesota Social Work
Board, and the Hennepin County
Guardian Ad Litem,[2]

Defendants.

---

This action comes before the Court on Plaintiff Cassandra Kimberly Lanners-Ford's

Notice of Removal (Docket No. 1) and an application to proceed in forma pauperis ("IFP")

(Docket No. 3).  For the following reasons, the Court remands this action to the Hennepin

County Juvenile Court, denies the IFP application as moot, and orders Lanners-Ford to

show cause why this Court should not prevent her from filing future actions related to the

juvenile court case without permission of the Court.

---

[1] Documents filed with the Notice suggest that Lanners-Ford also seeks to bring claims on behalf of Weston Alan Lanners, Sr.  (See, e.g. Docket No. 1-1 (listing Weston Lanners as plaintiff).)  But Weston Lanners has not signed the Notice of Removal or any of the other filed materials, and a nonlawyer cannot represent other individuals in litigation.  Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) The Court thus construes the Complaint as having one plaintiff: Lanners-Ford.

[2] Lanners-Ford has attempted to add additional Defendants to the docket.  Because parties may be added only by filing an amended pleading, the Clerk has removed any parties not listed in her pleadings as Defendants in this matter.  (See Docket No. 7.)

This action is Lanners-Ford's third attempt to remove a Minnesota state juvenile-court proceeding—No. 27-JV-19-1016 (Henn. Cty. Juv. Ct.)—to federal court.  She first attempted to remove that action in July 2019.  Lanners v. Minnesota, No. 19cv2000 (PAM/SER) (D. Minn. July 29, 2019).  The Court remanded the matter, informing Plaintiff that removal was not appropriate even if, as Plaintiff apparently believed, the juvenile court proceeding violated her rights under the U.S. Constitution.  Mem. & Order at 3-4, Lanners v. Minnesota, No. 19cv2000 (Docket No. 6) (D. Minn. Aug. 14, 2019).

A little over a month later, Lanners-Ford again attempted to remove No. 27-JV-19-1016.  Lanners v. Minnesota, No. 19cv2578 (JRT/HB) (D. Minn. Sept. 23, 2019).  Noting that "[t]he documents are essentially duplicates of those filed" in Lanners-Ford's first matter, this Court again remanded No. 27-JV-19-1016 to the Hennepin County Juvenile Court.  Order at 2, 5–6, Lanners v. Minnesota, No. 19cv2578 (Docket No. 4) (D. Minn. Sept. 26, 2019) (Tunheim, C.J.).  The Court again explained that removal was inappropriate either because Plaintiff was not a state-court defendant with authority to remove or because there is no federal jurisdiction over the juvenile court case in any event.  The Court further informed Plaintiff that, should she wish to challenge actions taken in the juvenile court case, she "must do so via an independent complaint rather than a 'notice of removal.'"  Id. at 5.  Lanners-Ford has taken an appeal from that Order.  (Docket No. 15 in 19cv2578.)

On May 18, 2020, Lanners-Ford filed the instant Notice of Removal, again purporting to remove the juvenile court case to this Court.  But as this Court has twice explained to Lanners-Ford, her attempts to remove Case No. 27-JV-19-1016 cannot succeed.  As with her previous filings, the most recent Notice and supporting documents

are difficult to follow, and do not specify whether Lanners-Ford is a plaintiff or a defendant in the relevant state-court proceedings.  As with her earlier attempts at removal, however, this failure is not relevant: whether Lanners-Ford is the plaintiff or the defendant in juvenile court, the problems with her earlier notices of removal apply here as well.[3]  As a result, the Court remands the case back to Hennepin County.

This is Lanners-Ford's third bite at the apple, and prior explanations have failed to deter her from continuing to attempt to remove an unremovable action.  The Court thus now finds it appropriate to subject Lanners-Ford to a limited filing restriction.

Federal courts have the authority to control and manage matters pending before them.  As part of that authority, federal courts have the discretion to "place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process."  See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988) (quotation omitted).  Pro se litigants have a right of access to the courts, but that right does not permit an unlimited opportunity to pursue malicious or abusive proceedings.  Id. at 1292.  When a litigant repeatedly files frivolous claims, the court may order her to obtain court approval before filing future lawsuits.  Sassower v. Carlson, 930 F.2d 583, 584 (8th Cir. 1991).

---

[3] Specifically—and for the third time:  If Lanners-Ford is a state-court plaintiff in No. 27-JV-19-1016, then she has no authority to remove the action.  On the other hand, if she is a state-court defendant, then the pleadings show that removal is inappropriate.  Diversity jurisdiction still does not exist, federal-question jurisdiction still does not exist, and Lanners-Ford's nods to federal issues such as due process still do not make removal feasible.

In the Court's view, Lanners-Ford's litigation record warrants placement on this District's list of restricted filers, at least with regard to any further attempts to remove No. 27-JV-19-1016.  The Court has considered

> (1) the party's history of litigation, particularly whether [she] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party has an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties.

Westley v. Bryant, No. 14cv5002, 2015 WL 2242161, at *10 (D. Minn. May 12, 2015) (Schiltz, J., adopting R&R of Thorson, M.J.).  Lanners-Ford has now tried to remove No. 27-JV-19-1016 three times.  She has ignored repeated orders explaining why such removal is inappropriate.  Her duplicative suits have wasted the Court's resources.  Finally, Lanners-Ford's decision to continue to attempt to remove the juvenile proceeding notwithstanding clear guidance suggests that no sanction short of a targeted filing restriction will deter her.

The District of Minnesota's policy on restricted filers provides that the Court should allow a potential restricted filer an opportunity to show cause why a given restriction should not be imposed.  The Order below affords Lanners-Ford 14 days to show cause why the Court should not impose a filing restriction preventing her from filing any new actions in this District seeking to remove No. 27-JV-19-1016.  Should Lanners-Ford fail to respond to this Order in the time permitted, the Court will impose the limited restriction on her.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   This action is **REMANDED** to Hennepin County Juvenile Court.

2.   Plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **DENIED** as moot.

3.   Plaintiff has 14 days from this Order's date to show cause why she should not be restricted from filing any new actions in this District seeking to remove No. 27-JV-19-1016 without first receiving permission of the presiding District or Magistrate Judge.

Dated:  June 3, 2020                                 s/Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge