UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cassandra Kimberly Lanners-Ford, | Civ. No. 20-1206 (PAM/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, Hennepin County, Hennepin County Human and Health Services, Hennepin County Child Protection, the Minnesota Social Work Board, the Hennepin County Guardian Ad Litem, Social Worker Board, and Sara Crotteau, | |
| Defendants. | |

On June 3, 2020, the Court ordered Plaintiff Cassandra Kimberly Lanners-Ford to show cause within 14 days why it should not prevent her from filing future actions related to juvenile court case number 27-JV-19-1016 (Henn. Cty. Juv. Ct.) without prior permission of the Court. (Docket No. 8.)

Lanners-Ford has appealed the Court's Order, which, in addition to the order to show cause, remanded this matter and denied her application to proceed without payment of district court fees. (Docket No. 11.) She has also filed numerous documents, "writs," and motions with the Court, including a motion for reconsideration (Docket No. 25), a motion for a writ of mandamus directed to the Chief Judge (Docket No. 16), two motions to stay (Docket Nos. 15, 28), and an application for a writ of habeas corpus ad testificandum (Docket No. 20). She has submitted a plethora of exhibits, letters, "affidavits of truth," and

other documents.  The Court denied the motion for reconsideration and first motion to stay (Docket No. 27), as well as her request to proceed without prepayment of fees on appeal (Docket No. 24).  The second motion to stay is without merit and is denied without further discussion.

Federal courts have the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  "[T]here is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" In re Tyler, 839 F.2d 1290, 1292 (8th Cir.1988) (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981)).  And indeed, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." Id. at 1293.  Because "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims," the Court "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292, 1293.

A filing restriction such as that considered here is a form of an injunction, requiring notice and an opportunity to be heard. In re Pointer, 345 F. App'x 204, 204-05 (8th Cir. 2009).  The Court's show-cause Order provided Lanners-Ford with that notice and opportunity to show cause why the contemplated restriction was unnecessary or inappropriate.  None of Lanners-Ford's submissions provide any basis on which to conclude that the Court's proposed filing restriction is ill-advised.  Indeed, her continued reliance on frivolous and meritless legal arguments, such as her invocation of admiralty

2

law and reliance on fully debunked tropes of the Sovereign Citizen movement, serve to convince the Court that the filing restriction is necessary.

As noted in its previous Order, Lanners-Ford has now attempted to remove an unremovable action on three different occasions. (Docket No. 8 at 2.) The Court's repeated admonitions that the attempted removal lacks any legal foundation have had no effect. The Court thus concludes that a filing restriction is necessary to ensure that Lanners-Ford cannot continue to abuse the judicial process. See Sassower v. Carlson, 930 F.2d 583, 584 (8th Cir. 1991) (litigant with a "history of frivolous and vexatious litigation" ordered to obtain court approval before filing future lawsuits).

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Stay (Docket No. 28) is **DENIED**;

2. The Clerk of Court shall place Plaintiff Cassandra Lanners-Ford on the list of restricted filers in this District; and

3. Plaintiff Cassandra Lanners-Ford shall be prohibited from removing or attempting to remove No. 27-JV-19-1016 (Henn. Cty. Juv. Ct.) or other proceedings related to that juvenile court matter unless she receives prior permission of a District or Magistrate Judge.

Dated:  June 18, 2020                          *s/ Paul A. Magnuson*
                                                                  Paul A. Magnuson
                                                                  United States District Court Judge